**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3064-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

SHAWN SOUTHERLAND,
a/k/a KEITH DAVIS, and
SHAWN OBEE,

     Defendant-Appellant.

_____

     Argued November 30, 2021 – Decided February 16, 2022

     Before Judges Rothstadt and Mayer.

     On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 09-10-1750.

     Shawn Southerland, appellant, argued the cause pro se.

     Stephanie Davis Elson, Assistant Prosecutor, argued the cause for respondent (Esther Suarez, Hudson County Prosecutor, attorney; Stephanie Davis Elson, on the brief).

PER CURIAM

Defendant Shawn Southerland appeals from the September 3, 2019 denial of his second petition for post-conviction relief (PCR), and from the March 12, 2020 denial of his motions for reconsideration and for a new trial.  We affirm.

The facts leading to defendant's conviction are set forth in our earlier opinions affirming defendant's conviction and sentence, State v. Southerland (Southerland I), No. A-4663-11 (App. Div. Jan. 30, 2015) (slip op. at 6-14, 29), and affirming the denial of his first PCR petition, State v. Southerland (Southerland II), No. A-3299-15 (App. Div. Mar. 19, 2018) (slip op. at 1), and need not be repeated here.  Suffice it to say that after unsuccessfully opposing the State's motion at trial to admit into evidence a police officer's testimony about a conversation he overheard between defendant and the victim's brother, defendant was convicted after a bench trial of committing murder, N.J.S.A. 2C:11-3(a), and hindering apprehension, N.J.S.A. 2C:29-3(b)(1).  Defendant's motion for a new trial was denied, and the sentencing court imposed an aggregate sentence of thirty years' imprisonment subject to a No Early Release Act, N.J.S.A. 2C:43-7.2, parole disqualifier.

As part of our description of the issues defendant raised on direct appeal from his conviction, we observed the following:

> In Points III, IV, and V, defendant argues the judge erred by granting the State's motion to admit the

statements he made to [the victim's brother] during their telephone conversation into evidence. Defendant asserts that [the police o]fficer . . . violated the New Jersey Wiretapping and Electronic Surveillance Act, N.J.S.A. 2A:156-1 to -34 (the Wiretap Act), by listening to the telephone call, and that the officer's lengthy presence in [the victim's] apartment constituted an unlawful search. Defendant contends the prosecutor's subsequent use of the statements "tainted" the grand jury proceedings and the trial and, therefore, he should be granted a new trial.

[Southerland I, slip op. at 20.]

We explained in detail our reasons for rejecting defendant's contentions as to these issues. Id. at 20-24. After we affirmed defendant's conviction and sentence, the Supreme Court denied his petition for certification. State v. Southerland, 221 N.J. 566 (2015).

On June 1, 2015, defendant filed his first PCR petition, which was denied by Judge Sheila A. Venable. Defendant appealed, and we affirmed substantially for the reasons expressed by Judge Venable. Southerland II, slip op. at 11. In his first PCR petition, defendant claimed, among other issues, ineffective assistance of appellate counsel for failure to raise the issue of the admission of the officer's testimony regarding the overheard phone call. Pertinent to the present appeal, in our opinion affirming the denial of PCR, we described Judge

3

Venable's response to the issues raised by defendant's first petition by stating the following:

> Last, Judge Venable found that defendant's argument that appellate counsel was ineffective because he failed to argue the admissibility of statements defendant made on the phone when a police officer was present on the other line was meritless. The judge observed that appellate counsel explained to defendant that he was "reluctant to raise [the] issue on direct appeal as [he] believe[d], strategically, that it would detract from the issues that [he] intend[ed] to raise[.]" Further, defendant raised the issue himself in a pro se supplemental appellate brief, and we found his argument to be meritless.
>
> [Southerland II, slip op. at 7-8 (alterations in original).]

The Supreme Court later denied defendant's petition for certification on October 23, 2018. State v. Southerland, 235 N.J. 351 (2018).

Defendant then filed a petition for habeas corpus with the United States District Court for the District of New Jersey, which was denied on March 26, 2019, based on its conclusion, like ours, that there was no Fourth Amendment violation in the officer's listening to the conversation with the victim's brother's consent. Southerland v. Nogan, No. 18-9469 (JLL), 2019 U.S. Dist. LEXIS 51572, at *1, *16-19 (D.N.J. Mar. 26, 2019). On October 4, 2019, the United States Court of Appeals for the Third Circuit denied his application for a

Certificate of Appealability. <u>Southerland v. Adm'r E. Jersey State Prison</u>, No. 19-1784, 2019 U.S. App. LEXIS 40346, at \*1-2 (3d Cir. Oct. 4, 2019).

On July 29, 2019, defendant filed his second PCR petition, which was denied on September 3, 2019. In his second PCR petition, defendant once again claimed ineffective assistance of appellate counsel for failure to raise the issue of the admission of the officer's testimony regarding the overheard phone call on direct appeal. Judge Venable denied the petition because the claim against appellate counsel was not cognizable under <u>Rule</u> 3:22-4(b)(2), which restricts the issues that can be raised in a second PCR petition, and because defendant raised arguments that were disposed of on direct appeal and in his first PCR petition.

On September 23, 2019, defendant filed a motion for a new trial, and, four days later, he filed a motion for reconsideration of the denial of his second PCR petition. On February 27, 2020, defendant filed a motion for evidentiary hearing.

On March 12, 2020, Judge Venable issued a letter opinion setting forth her reasons for denying reconsideration of the order denying defendant's second petition for PCR and for denying an evidentiary hearing, reiterating her original reasons for the denial of his second PCR petition. The judge also denied

defendant's motion for a new trial, relying on the same reasons for our rejection of defendant's earlier appeals and for her denial of his first petition, concluding again that the issue of the admission of the officer's testimony regarding the overheard phone call had already been fully addressed and adjudicated and for that reason it was not "in the interest of justice" to order a new trial. This appeal followed.

On appeal defendant argues the following points:

POINT I

THE PCR COURT ERRED IN DENYING DEFENDANT'S SECOND PETITION FOR POST-CONVICTION RELIEF: CONCERNING HIS CLAIM THAT HE WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL ON DIRECT APPEAL FOR COUNSEL'S FAILURE TO APPEAL SUPPRESSIBLE EVIDENCE BECAUSE ABSENT EXCLUDABLE EVI[D]ENCE THE RESULT OF THE VERDICT WOULD HAVE BEEN DIFFERENT; AND, DEFENDANT WOULD BE ENTITLED TO A NEW TRIAL. (THE PCR COURT BARRED DEFENDANT UNDER [RULE] 3:22-5 ON THE FIRST PCR PETITION ON THE ISSUE)[.]

POINT II

DEFENDANT'S RIGHTS WERE VIOLATED WHEN THE OFFICER ENTERED DEFENDANT'S HOME WITHOUT A WARRANT AND SET UP TELEPHONE SURVEILLANCE WITHOUT PRIOR APPROVAL THEN [REQUESTED] THAT TELEPHONE BE PLACED ON SPEAKER

6

THEREBY VIOLATING DEFENDANT'S RIGHT TO PRIVACY AND THE STATUTORY PROVISIONS OF N.J.S.A. 2A:156[]A[-]4(c): WARRANTING SUPPRESSION OF THE ALLEGED ORAL STATEMENTS AND ITS FRUIT AND NEW TRIAL (UNRESOL[V]ED BY THE APPELLATE DIVISION ON DIRECT APPEAL).

POINT III

THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION FOR NEW TRIAL UNDER BRADY ITS PROGENY AND [RULE] 3:13-3 BECAUSE THE STATE WITHHELD, SUPPRESSED AND FAILED TO DISCLOSE MATERIAL IMPEACHMENT EVIDENCE WHICH AFFECTED THE OUTCOME OF THE TRIAL.

POINT IV

THE TRIAL COURT DENIED DEFENDANT DUE PROCESS IN POST-CONVICTION PROCEEDINGS IN FAILING TO ADDRESS THE [SIC] DEFENDANT'S MOTION TO COMPEL DISCOVERY IN RELATION TO HIS PETITION FOR POST-CONVICTION RELIEF AND MOTION FOR NEW TRIAL IN THAT COURT.

[(Third alteration in original).]

We are not persuaded by any of defendant's contentions, which we conclude are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons expressed by Judge Venable in her written decisions that accompanied the challenged orders. We

add only that, contrary to defendant's assertion on appeal that we did not conclusively decide the "central issue raised," there should be no doubt now that the issue of the admission of the officer's testimony regarding the overheard phone call was previously decided by this court.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3064-19